BUFFALO METER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11720. Promulgated January 14, 1948.

*Ralph Ulsh, Esq.*, for the petitioner.
*Harold D. Thomas, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: The respondent's principal argument on brief is in support of his determination that the partnership of Buffalo Meter Co. should not be recognized for tax purposes and that the income attributed to the partnership should all be taxed to the petitioner under section 22 (a). He argues, however, that section 45, Internal Revenue Code may also be applicable in the circumstances, with the result that all of the partnership income should be allocated to the petitioner.

The cases which the respondent cites in support of his principal position, such as *United States* v. *Phellis*, 257 U. S. 156; *Lucas* v. *Earl*, 281 U. S. 111; *Higgins* v. *Smith*, 308 U. S. 473; *Harrison* v. *Schaffner*, 312 U. S. 579; *Helvering* v. *Horst*, 311 U. S. 112; and *Paul G. Greene*, 7 T. C. 142, dealt for the most part with unrealities or shams or anticipatory assignments of income by means of which the taxpayers sought to evade or reduce taxes. The situation here does not seem to us appropriate for the application of the rule of any of those cases. The partnership here was in no sense "unreal or a sham." *Higgins* v. *Smith, supra*. As to the assets which it acquired from the petitioner, there was a complete shift of economic interests from the corporation to the partners. It was none the less so because the partners were, and continued to be, corporate stockholders.

The petitioner's stockholders here were under no obligation to con-

tinue the business, either the whole or any part of it, in corporate form. They might have dissolved the corporation entirely and transferred all of its functions to the partnership. As has been said repeatedly, the tax laws do not undertake to deny taxpayers the right of free choice in the selection of the form in which they carry on business. The petitioner's stockholders chose here to retain, in corporate form, one of the major functions of petitioner's business, the foundry, and to transfer to the partnership the manufacturing and selling division. This was in no sense an unnatural division. The foundry and manufacturing operations were not interdependent. Either might have existed independently of the other. It is agreed that the corporation sold its products to the partnership at market prices and paid market prices for what it acquired from the partnership. In effect, all dealings between the petitioner and the partnership were at arm's length. In the beginning the petitioner rented floor space and machinery to the partnership at a fair rental value. Apparently the partnership got no more in the way of income benefits than it was entitled to as a return on its manufacturing operations. In these circumstances we see no reason for disregarding the partnership for tax purposes.

The partners had what in their opinion were sound business reasons for organizing the partnership. The important consideration is that the partnership was real for all purposes and that it has at all times functioned as an entirely separate economic entity.

The facts here are not distinguishable, in any material respect, from those in *Seminole Flavor Co.*, 4 T. C. 1215. There, the stockholders of the corporate taxpayer operating a soft drink-bottling business organized a partnership, in which their interests were the same as in the corporation, to perform certain "advertising, merchandising, and supervisory" services under contract with the corporation. We rejected the Commissioner's contention that the partnership income should be taxed to the corporation under section 45, Internal Revenue Code. That case has been followed in a number of memorandum opinions which the parties have discussed in their briefs. The respondent seeks to distinguish the instant case from those cases and other cases upon which the petitioner relies on the facts. The slight factual differences, we think, do not warrant the distinction.

Since there was no shifting of income or expenses between the petitioner corporation and the partnership or any other circumstances that would justify any "distribution, apportionment, or allocation" of gross income between the petitioner and the partnership, section 45 of the Internal Revenue Code has no applicability.

Reviewed by the Court.

*Decision will be entered under Rule 50*